UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAYMOND EDWARD GILL                  1:24-cv-00074-GLR

                                Criminal Numbers K-81-0105,
      vs                 K-81-017, B-86-0009,
                                B-86-0011, B-86-0231

UNITED STATES OF
AMERICA

## WRIT OF CORAM NOBIS

Petitioner argue that he is not a attorney but pro se, wherefore under the Supreme Court decision Haines v. Kerner, 404 US 519 (1992). He ask this honorable Court to seek the truth in the constitutional violations in the above case numbers for just cause:

WRIT OF ERROR CORAM NOBIS is an "extraordinary remedy available only under circumstance compelling such action to achieve "justice" or to correct errors of the most fundamental character. United States V. Morgan, 346 U.S. 502, 511, 74 S. Ct. 247, 98 L. Ed 248 (1954).

Federal court may grant relief from a conviction by way of coram nobis after a petitioner has completed the sentence at issue. Coram nobis is available only to remedy factual errors material to the validity and regularity of the legal proceeding itself. Calisle V. United States, 517 U.S. 416, 429, 116 S. Ct. 1460, 134 L. Ed 2d 613 (1996).

The extraordinary writ is used where "no other remedy may be available", and an error of the most fundamental chacter" must have occurred. United States V. Mandet, 862 F. 2d 1075 (4th cir. 1988.).
Coram nobis relief may be granted in light of a retroactive dispositive change in the law which undermines the basis for a prior conviction.

To be entitle to coram nobis relief a petitioner must demonstrate that' "(1) a more usual remedy is not available, (2) valid reason exist for not attacking the conviction earlier, (3) adverse consequence exist from the conviction sufficient to satisfy the case or controversy requirement of Article III, and (4) the error is of the-

most Fundamental character. United States v. Bazuaye, 399 Fed. Appx. 822, 2010 W.L 4366456. (4th Cir. 2010). Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987).

## Statements of Facts

Petitioner argue that he was sentenced to and illegal sentence. On November 04, 1980 he was sentenced to bank robbery. U.S. Court District of Maryland, Dkt. No. K-81-0105.

Convicted sentence to 20 years custody concurrent w/ Dkt. No. K-81-017. Petitioner argue that he was age (24). And should have been sentenced under the provision of the Youthful Offender Act, rather then Reg. Adult - Orig than 1yr. U.S. Attorney and petitioner attorney knew or should have known that Gill should have been sentenced as a youth, (youth act).

4.

Petitioner Further argue that the above docket Numbers are related to K-81-0105. 1980, 1981, 1985 convictions. And docket Number B-86-0009, B-86-0011, B-86-0231 was aggregate to 29 years.

Petitioner Further argue that on March 13, 2015 case Number (:13-CR-0057J-001-RDB. The United States Attorney resurrected the above docket Numbers (priors) to sentence Gill to a 40 year sentence; (caree offender). Without just cause, knowing the priors conviction were a Violation of Law US Constutition. Petitioner is entitle to coram Nobis relief.

He has demonstrated all (4) Four condiction of coram Nobis relief. And petitioner pray that this court vacate the above criminal Numbers and mandate Resentening in case Number 1:13-CR-00577-001 RDB.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21 day of December, a copy of Motion Writ of Conam Nobis was mailed to the clerk of the court office, 101 West Lombard Street, Baltimore, Maryland 21201.

December 21, 2023

PRO SE

Raymond E. Gill